**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **FERRELL MOBILE HOMES, INC.,** | ) | |
| **and RIVER CITY MOBILE HOME** | ) | |
| **SALES, INC. d/b/a MONTY'S MOBILE** | ) | |
| **HOMES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:17-CV-65-SNLJ** |
| | ) | |
| **CHAMPION HOME BUILDERS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for leave to file an amended

complaint (#26). The motion is briefed and ripe. Because plaintiffs have shown good

cause to modify the scheduling order, the Court will grant the motion.

This case is about an alleged contract dispute. Defendant manufactures mobile

homes, while plaintiffs sell mobile homes. According to plaintiffs, defendant approached

them about opening a new manufacturing facility in Kentucky. Hoping to break into the

market for entry-level mobile homes, defendant needed "high volume" dealers to

compete in this new market. Given plaintiffs' expertise and track record in the entry-

level mobile home market, defendant thought plaintiffs would be a valuable asset as a

distributor. The parties then agreed that plaintiffs would serve as defendant's distributor

for its entry-level mobile homes.

A few months later, plaintiffs completed Champion Retail Dealer applications, which required them to disclose "closely guarded business information." (#6 at 3, ¶ 13.) During this time, plaintiffs also worked with defendant to design an entry-level mobile home. Eventually, plaintiffs submitted a "calculated design" (#6 at 4, ¶ 19) to defendant and provided defendant with purchase orders that authorized defendant to construct two entry-level mobile home units. A month later, defendant notified plaintiffs that it had decided not to sell its entry-level mobile homes to plaintiffs. Defendant ultimately delivered two entry-level mobile homes—the two that plaintiffs originally ordered—to Pioneer Manufactured Homes ("Pioneer"), one of plaintiffs' competitors. Plaintiffs brought suit alleging breach of contract, promissory estoppel, and unjust enrichment/quantum meruit.

Plaintiffs filed the case in state court in March 2017, and defendant removed. Four weeks after defendant removed, plaintiffs served a third-party subpoena for documents on Pioneer, and Pioneer produced the documents in late June 2017. Seven months later, in January 2018, plaintiffs served a notice of deposition on Pioneer. "Due to the unavailability of Pioneer's witness, the deposition did not take place until March 9, 2018." (#27 at 2, ¶4.) During the deposition, plaintiffs learned defendant promised Pioneer that it would be defendant's dealer in southeast Missouri for defendant's entry-level mobile homes. Defendant allegedly made this promise about two months before it made the same promise to plaintiffs. About three weeks after the deposition, plaintiffs filed this motion, asking for leave to file an amended complaint that includes counts for fraudulent and negligent misrepresentation.

2

Because plaintiffs ask to amend a pleading after the deadline set in the Case Management Order (#15), plaintiffs must satisfy Rule 16(b)'s good-cause standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716–17 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Here, plaintiffs' delay in adding the two new claims is justified. Per the Case Management Order, the deadline for amending the pleadings was September 6, 2017. But discovery is open until May 7, 2018. It was during discovery that plaintiffs learned—for the first time—that defendant allegedly made this promise to Pioneer. Three weeks after learning of the promise, plaintiffs filed this motion. Defendant argues "plaintiffs have not established good cause, as the depositions of non-party witnesses in which plaintiffs allege new information was obtained were not taken until March 9, 2018, six months after the . . . deadline to amend pleadings in the Scheduling Order." (#29 at 2.) This Court disagrees. Taking defendant's argument to its logical conclusion, to show good cause, a party must complete all non-party discovery before the deadline for amending the pleadings. The deadline to complete discovery is much longer than the deadline to amend the pleadings, and for good reason. Plaintiffs were well within the discovery deadline when they deposed Pioneer's witness, and courts routinely find that good cause is satisfied when an amendment is based on "newly discovered facts." *See, e.g.*, *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

Next, defendant claims it will be prejudiced by the amendment because "exploring the merits of such new claims . . . will require additional discovery, including the possible re-taking of depositions already completed and additional written discovery, which has already been undertaken." (#29 at 2.) Even if additional discovery is necessary, it will likely be minimal. The amendment is based on most of the same facts alleged in the original petition, which suggests defendant will not be prejudiced. Also, as plaintiffs point out, "the facts necessary to defend against . . . the proposed new claims are known or readily available to [defendant] because [defendant] was [a] party to the secret agreement at issue." (#30 at 4.) As such, defendant has not shown that it will be prejudiced, and the motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file an amended complaint (#26) is **GRANTED**.

So ordered this ___17th___ day of April 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE